# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

### BECKLEY DIVISION

| | |
|---|---|
| **CARL B. TAYLOR,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | **CIVIL ACTION NO. 5:11-0666** |
| ) | **(Consolidated 5:11-0866)** |
| **SOUTHERN REGIONAL JAIL,** *et al.*, ) | |
| ) | |
| **Defendants.** ) | |

## PROPOSED FINDINGS AND RECOMMENDATION

On September 27, 2011, Plaintiff, acting *pro se*[1] and formerly incarcerated at the Southern Regional Jail [SRJ], in Beaver, West Virginia, filed his Complaint initiating Civil Action No. 5:11-0666 claiming entitlement to relief pursuant to 42 U.S.C. § 1983. (Civil Action No. 5:11-0666, Document No. 1.) Plaintiff names the following as Defendants: (1) Southern Regional Jail; and (2) Primecare Medical. (Id., p. 4.) Plaintiff asserts that Defendants violated his constitutional rights by delaying medical treatment for his Non-Hodgkin's Lymphoma. (Id., pp. 4 - 5.) By Order entered on September 30, 2011, the undersigned directed Plaintiff to "(1) amend his Complaint to name individual defendants, specifically set forth his constitutional claims, and state specific facts as to how each defendant violated his constitutional rights; (2) file a statement explaining the steps he has taken to fully exhaust his administrative remedies; and (3) either pay the $350 filing fee or file an updated Application to Proceed *in Forma Pauperis*." (Id., Document No. 3.)

On November 8, 2011, Plaintiff filed his Application to Proceed *in forma pauperis* and Complaint initiating Civil Action No. 5:11-0866 claiming entitlement to relief pursuant to 42 U.S.C.

---

[1] Because Plaintiff is acting *pro se*, the documents which he has filed in this case are held to a less stringent standard than if they were prepared by a lawyer and therefore, they are construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

§ 1983. (Civil Action No. 5:11-0866, Document Nos. 1 and 2.) In his Complaint, Plaintiff names the following as Defendants: (1) Donna White, Medical Director at SRJ; (2) Lisa; and (3) Dr. Hussian, Primecare Medical. (Id., Document No. 2.) Plaintiff alleges that Defendants acted with deliberate indifference in providing treatment for his Non-Hodgkin's Lymphoma. Specifically, Plaintiff alleges as follows:

> I was denied medical care for Non-Hodgkin's Lymphoma while I was incarcerated in the Southern Regional Jail. I was denied to see the doctor and was not transported to my oncologist on a regular basis, which held up my chemotherapy. It caused me to have chronic headaches from stress. I also had a seizure while incarcerated and was denied a doctor until three weeks later. It was ordered by the Circuit Court Judge in Mercer County, Judge Omar Albouhosn, that I was to receive medical care for my cancer and [he] called the Southern Regional Jail in court to make sure transportation to doctors wouldn't be a problem. I was transported once to Dr. Pjuari, which is the urologist for the testicular cancer, and was seen twice by Dr. Schar, my oncologist. I was transported to the hospital to have a spinal tap biopsy and bone marrow biopsy on 7/21/11. On 9/21/11 is when they finally took me to get the results and my doctor's office had the results back one week after the tests were done.
> I put in numerous of sick calls and was not seen. I had a seizure in my cell. My cell mate helped me out of it and I was not seen. The seizure was on 8/16/11 and I put sick calls in and finally was seen on 9/1/11 and was put on something for it. I had chronic headaches from this and they left me in my cell to suffer through them without seeing me.
> They have caused me mental stress and affected me from getting proper medical care for my Non-Hodgkin's Lymphoma cancer by holding my test results back and not taking me to the oncologist to get my chemotherapy started in a timely manner. I had a seizure 8/16 and put in numerous times to see Dr. Hussian and was passed by until 9/1. I had a spinal tap biopsy and bone marrow biopsy 7/21 and asked all the time for the results and it took until September. I was put through severe mental anguish.

(Id., pp. 4 - 5.)

On November 16, 2011, the undersigned consolidated Civil Action Nos. 5:11-0666 and 5:11-0866 pursuant to Rule 42(a) of the Federal Rules of Civil Procedure. (Civil Action No. 5:11-0666, Document No. 8.) By Order entered on November 16, 2011, the undersigned granted Plaintiff's Application to Proceed Without Prepayment of Fees and directed Plaintiff to serve the Summonses

and Complaint upon Defendants pursuant to Rule 4 of the Federal Rules of Civil Procedure. (Id., Document No. 10.)

## ANALYSIS

Pursuant to Rule 41(b) of the Federal Rules of Civil Procedure and Rule 41.1 of the Local Rules of Civil Procedure for the Southern District of West Virginia, District Courts possess the inherent power to dismiss an action for a *pro se* Plaintiff's failure to prosecute *sua sponte*.[2] See Link v. Wabash Railroad Co., 370 U.S. 626, 629, 82 S.Ct. 1386, 1388, 8 L.Ed.2d 734 (1962).

Rule 41.1 of the Local Rules provides:

**Dismissal of Actions**. When it appears in any pending civil action that the principal issues have been adjudicated or have become moot, or that the parties have shown no interest in further prosecution, the judicial officer may give notice to all counsel and unrepresented parties that the action will be dismissed 30 days after the date of the notice unless good cause for its retention on the docket is shown. In the absence of good cause shown within that period of time, the judicial officer may dismiss the action. The clerk shall transmit a copy of any order of dismissal to all counsel and unrepresented parties. This rule does not modify or affect provisions for dismissal of actions under FR Civ P 41 or any other authority.

Although the propriety of a dismissal "depends on the particular circumstances of the case," in determining whether to dismiss a case involuntarily for want of prosecution, the District Court should consider the following four factors:

(i) the degree of personal responsibility of the plaintiff;
(ii) the amount of prejudice caused the defendant,
(iii) the existence of a history of deliberately proceeding in a dilatory fashion, and

---

[2] Rule 41(b) of the Federal Rules of Civil Procedure provides:

**(b) Involuntary Dismissal: Effect**. If the plaintiff fails to prosecute or to comply with these rules or any order of court, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule - - except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19 - - operates as an adjudication on the merits.

(iv) the existence of a sanction less drastic than dismissal.

Ballard v. Carlson, 882 F.2d 93, 95 (4th Cir. 1989). In consideration of the first three factors, the Court finds that the delays in this case are attributable solely to the Plaintiff. Based upon a review of the docket sheet, Summonses were issued nearly six months ago (Document No. 11), and Plaintiff has not accomplished service of process upon Defendants.[3] Plaintiff, therefore, is the sole cause of the delays in this action. With respect to the second and third factors, although the record is void of further evidence indicating that Plaintiff has a history of "deliberately proceeding in a dilatory fashion," the Court does not find that the named Defendants will be prejudiced by dismissal of Plaintiff's Complaint.

In consideration of the fourth factor, the Court acknowledges that a dismissal under either Rule 41(b) or Local Rule 41.1 is a severe sanction against Plaintiff that should not be invoked lightly. The particular circumstances of this case, however, do not warrant a lesser sanction. An assessment of fines, costs, or damages against Plaintiff would be unjust in view of Plaintiff's status as a *pro se*, indigent litigant. Accordingly, the undersigned has determined that this action should be dismissed without prejudice unless Plaintiff is able to show good cause for his failure to prosecute.

**PROPOSAL AND RECOMMENDATION**

The undersigned therefore hereby respectfully **PROPOSES** that the District Court confirm and accept the foregoing findings and **RECOMMENDS** that the District Court **DISMISS** this case without prejudice for failure to prosecute and remove this matter from the Court's docket.

---

[3] Federal Rule of Civil Procedure 4(m) provides that "[i]f a defendant is not served within 120 days after the complaint is filed, the court - - on motion or on its own after notice to the plaintiff - - must dismiss the action without prejudice against that defendant . . . ."

The Plaintiff is hereby notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge Irene C. Berger. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rule 6(e) and 72(b), Federal Rules of Civil Procedure, the Plaintiff shall have seventeen days (fourteen days, filing of objections and three days, mailing/service) from the date of filing of this Findings and Recommendation within which to file with the Clerk of this Court specific written objections identifying the portions of the Findings and Recommendation to which objection is made and the basis of such objection. Extension of this time period may be granted for good cause.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 155 (1985); Wright v. Collins, 766 F.2d 841, 846 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984). Copies of such objections shall be served on opposing parties, District Judge Berger and this Magistrate Judge.

The Clerk of this Court is directed to file this "Proposed Findings and Recommendation" and to mail a copy of the same to Plaintiff, who is acting *pro se*.

Date: May 1, 2012.

R. Clarke VanDervort
United States Magistrate Judge